

# Case #2016CI17703

**Name**: BLAKE WILSON

**Date Filed** : 10/10/2016

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 224

**Docket Type** : MOTOR VEHICLE ACCIDENT

**Business Name** :

**Style** : BLAKE WILSON

**Style (2)** : vs ERIC PEREZ ET AL

# Case History

*Currently viewing 1 through 6 of 6 records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00004 | 6/29/2017 | ORIGINAL ANSWER OF<br>ERIC PEREZ AND READY CABLE INC & RFD |
| P00003 | 6/29/2017 | JURY DEMAND JURY FEE PAID |
| S00005 | 10/11/2016 | CITATION CERTIFIED MAIL<br>READY CABLE INC<br>ISSUED: 10/11/2016 |
| S00001 | 10/11/2016 | CITATION<br>ERIC PEREZ<br>ISSUED: 10/11/2016 RECEIVED: 10/12/2016<br>EXECUTED: 10/14/2016 RETURNED: 10/17/2016 |
| P00002 | 10/10/2016 | SERVICE ASSIGNED TO CLERK 1 |
| P00001 | 10/10/2016 | PETITION |

## "Exhibit C"

FILED
10/10/2016 3:04:34 PM   Case 5:17-cv-00582-DAE   Document 1-5   Filed 06/29/17   Page 3 of 13
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Laura Rodriguez

2 cits/sac1

CAUSE NO. **2016CI17703**

| | | |
|---|---|---|
| BLAKE WILSON | § | IN THE DISTRICT COURT OF |
|    Plaintiff | § | |
| | § | |
| | § | BEXAR COUNTY, TEXAS |
| V. | § | |
| | § | |
| ERIC PEREZ | § | |
| and READY CABLE, INC. | § | **224th** JUDICIAL DISTRICT |
|    Defendants. | § | |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes now, Blake Wilson, Plaintiff, complaining of Eric Perez, Ready Cable, Inc. and Travelers Indemnity Company of Connecticut (hereinafter "Travelers"), and for cause will show the Court as follows:

### I. DISCOVERY CONTROL PLAN

1.

Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff gives notice that he intends to pursue a discovery control plan pursuant to Rule 190.3 (Level 2).

### II. PARTIES

2.

Made Plaintiff herein is:

    a. **BLAKE WILSON**, a natural person of the full age of majority who is domiciled in the State of Louisiana.

# "Exhibit C"

3.

Made Defendants herein are:

a. **ERIC PEREZ,** a natural person of the full age of majority who resides at 18291 Jackel Road, Von Ormy, Texas 78073 and may be served with process at this address;
b. **READY CABLE, INC.,** a domestic corporation whose corporate headquarters are located at 4416 Keller-Hicks Road, Ft. Worth, Texas 76244, and may be served with process through their registered agent, Robert H. Lemke at this address.

### III.  JURISDICTION AND VENUE

4.

This Court has jurisdiction as Defendants are citizens of this State and the acts complained of occurred in the State of Texas.

5.

Venue is proper in this County as all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County.

### IV.  FACTS

6.

Defendants are indebted for Plaintiff's damages, together with legal interest thereon from the date of judicial demand until paid, and for costs in these proceedings, for the following:

7.

On October 15, 2015, Plaintiff, Blake Wilson, was operating his vehicle in a southerly direction on IH-35 in Bexar County, Texas.

8.

Defendant, Eric Perez, who was operating a 1997 Ford owned by Defendant, Ready Cable, Inc., was also travelling in a southerly direction on IH-35 in Bexar County, Texas.

# "Exhibit C"

9.

Suddenly and without warning, the Defendant, Eric Perez, struck the rear of a vehicle, pushing that vehicle into Plaintiff's vehicle, causing damage to Plaintiff's vehicle and causing Blake Wilson to sustain injuries.

**NEGLIGENCE**

10.

As a result of the above-described incident, Eric Perez, caused Blake Wilson to suffer personal injuries. Blake Wilson has experienced physical and mental pain and suffering and has undergone significant medical treatment.

11.

Plaintiff's injuries and damages were caused by the grossly negligent actions and/or inactions of Eric Perez, who owed and breached several duties to Blake Wilson. These breached duties include, but are not limited to:

a. Failing to maintain his vehicle under control;

b. Failing to maintain a proper lookout;

c. Failing to yield;

d. Failing to apply his brakes timely;

e. Failing to be attentive to his surroundings;

f. Failing to do any act by which to avoid the collision;

g. Failing to observe existing traffic conditions;

h. Failing to observe Plaintiff's vehicle in due time in order to avoid hitting same;

i. Failing to observe due caution;

j. Driving recklessly;

**"Exhibit C"**

    k.       Using a mobile device while operating his vehicle;

    l.       Striking Plaintiff's vehicle; and

    m.      Any and all other acts of negligence, gross negligence, fault or imprudence which may be proven during the investigation of this matter, all of which are violations of the laws of Texas and applicable ordinances which are hereby specifically pleaded and adopted by reference as though set forth *in extensio*.

12.

At the time of the above-described incident, Defendant, Eric Perez, was acting in the course and scope of his employment with Defendant, Ready Cable, Inc.

13.

The collision described above, and the injuries and damages sustained by Plaintiff resulting therefrom, were proximately and legally caused by the fault, including negligence, of Defendant, Ready Cable, Inc., in the following particulars, which if inconsistent are pleaded in the alternative, among others to be shown at the time of trial:

    a.       Failing to take necessary action to avoid the accident;

    b.       Failing to properly monitor and train employee drivers;

    c.       Acting with wanton and reckless disregard for the rights and safety of others;

    d.      Failing to use due care and caution under the circumstances; and

    e.       Any and all other acts of negligence, fault or imprudence which may be proven during the investigation of this matter, all of which are violations of the laws of Texas and applicable ordinances which are hereby specifically pleaded and adopted by reference as though set forth *in extensio*.

14.

Defendant, Ready Cable, Inc., is answerable for the damages unto Plaintiff occasioned by the acts of Defendant, Eric Perez, under the doctrine of vicarious liability, as Defendant, Eric Perez,

4

**"Exhibit C"**

was operating the vehicle in the course and scope of his employment with Defendant, Ready Cable, Inc.

## V.     DAMAGES

15.

Blake Wilson's damages were the direct and proximate result of the Defendants' negligence and gross negligence.

16.

Blake Wilson itemizes the damages that he suffered that were proximately caused by the above-described negligence and gross negligence of Defendants, as follows:

a. Past physical pain, suffering, and discomfort;

b. Past mental anguish, aggravation, and annoyance;

c. Future physical pain, suffering, and discomfort;

d. Future mental anguish, aggravation, and annoyance;

e. Past and future medical expenses;

f. Past lost wages;

g. Loss of enjoyment of life;

h. Disability from engaging in recreation; and

i. All other damages that will be proven at the trial of this matter.

17.

Blake Wilson specifies that the maximum amount of damages that he seeks, inclusive of punitive damages, is **one million dollars ($1,000,000.00).**

**"Exhibit C"**

## VI. REQUEST FOR DISCLOSURE

18.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose within fifty (50) days of service of this request the information and material described in Rule 194.2(a) through (k) of the Texas Rules of Civil Procedure.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, Blake Wilson, respectfully requests that Defendants, Eric Perez and Ready Cable, Inc. be served with a copy of this complaint and be duly cited to appear and answer the same, and that after trial on the merits, judgment be entered for Plaintiff and against Defendants for the following:

a. All actual damages suffered by Plaintiff and allowed by law;

b. Prejudgment interest and post-judgment interest;

c. Costs of Court; and

d. Such other relief, general or special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**HUBER, SLACK, THOMAS & MARCELLE, LLP**

_____
**CHARLES M. THOMAS**
**TX BAR NO. 24090556**
1100 Poydras Street, Suite 2200
New Orleans, LA 70163
Telephone: (504) 274-2500
Facsimile: (504) 910-0838
charlie@huberslack.com
**ATTORNEY FOR PLAINTIFF**

6

# "Exhibit C"

FILED
6/29/2017 9:20 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Isaias Ibarra

CAUSE NO. 2016CI17703

| | | |
|---|---|---|
| **BLAKE WILSON** § | | **IN THE DISTRICT COURT** |
| Plaintiff § | | |
| § | | |
| VS. § | | **224th JUDICIAL DISTRICT OF** |
| § | | |
| **ERIC PEREZ and** § | | |
| **READY CABLE, INC.** § | | |
| Defendants § | | **BEXAR COUNTY, TEXAS** |

**DEFENDANTS ERIC PEREZ AND READY CABLE, INC.'S**
**ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE**

**TO THE HONORABLE COURT:**

COMES NOW, ERIC PEREZ and READY CABLE, INC., hereinafter "Defendants," files this, their Original Answer and Request for Disclosure, and would show the Court as follows:

### I. General Denial

Defendants deny each and every, all and singular, the material allegations contained in Plaintiff BLAKE WILSON's, hereinafter "Plaintiff," Original Petition and any supplements or amendments thereto, and demand strict proof thereof as required by the constitution and laws of the State of Texas, pursuant to TEXAS RULE OF CIVIL PROCEDURE 92.

### II. Comparative Responsibility

Defendants plead TEXAS CIVIL PRACTICE AND REMEDIES CODE, Chapter 33, AND ask the Court and Jury to consider the relative damages and conduct of the parties, including Plaintiff, all tortfeasors, any settling persons and any designated Responsible Third Parties, and accord Defendants full benefit of said law.

### III. Punitive Damages

To the extent that Plaintiff ever seeks recovery of exemplary or punitive damages, Plaintiff's claim for punitive or exemplary damages is subject to the cap set forth in TEXAS CIVIL

**"Exhibit C"**

PRACTICE AND REMEDIES CODE §41.008(b). Under facts and law applicable in this case, the imposition of punitive or exemplary damages, or the introduction of evidence to support same, would be in contravention of Defendants' right under each of the following constitutional provisions:

a. the Due Process Clause of the Fifth Amendment of the United States Constitution;

b. the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

c. the Equal Protection Clause of the Fourteenth Amendment; and

d. provisions of the Texas Constitution, including but not limited to art. I. §§3, 13, 14, 16, and 19.

In particular, Texas law and the Texas punitive damage scheme, both in general and as applied in this case, violate one or more of the aforementioned constitutional provisions in that:

a. they do not provide adequate or meaningful standards to guide a jury or the court in determining whether, and if so in what amount, to award punitive damages, a sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, or a sufficiently clear standard for determining the appropriate size of an award;

b. Defendants had no notice of or means of ascertaining whether or in what amount it might be subject to a penalty for the conduct alleged by Plaintiff in this case, and this lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject it to punitive damages or as to the potential amount of such an award;

c. Texas law and the Texas punitive damage scheme do not instruct the jury on the limits on punitive or exemplary damages imposed or the purposes for which such damages are assessed;

d. Texas law and the Texas punitive damage scheme does not expressly prohibit the jury from awarding punitive or exemplary damages, in whole or in part, on the basis of invidiously discriminating characteristics, including the corporate status of a Defendants;

e. in the admission of evidence, the standards provided the trier of fact (including jury instructions), and post-trial and appellate review, Texas law and the Texas punitive damage scheme, including TEXAS CIVIL PRACTICE AND REMEDIES CODE §§41.001 through 41.013, place undue emphasis on a Defendants' wealth as a basis for making and enhancing a punitive or exemplary damage award, and do not require that the award not be based on any desire to redistribute wealth;

**DEFENDANTS ERIC PEREZ AND READY CABLE, INC.'S**      **Page 2 of 5**
**ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE**

**"Exhibit C"**

f. no provision of Texas law or its punitive damage scheme provides adequate procedural safeguards consistent with the criteria set out in *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996), *State Farm Mut. Auto. Ins, Co. v. Campbell*, 538 U.S. 408 (2003), and their progeny.

g. Texas law and the Texas punitive damage scheme do not provide for adequate post-trial or appellate review of punitive or exemplary damage awards or the amount thereof and do not provide objective standards for such review, and these inadequacies are compounded by the constraints upon review of such awards by the Texas Supreme Court, including Article 5, section 6 of the Texas Constitution and TEXAS GOVERNMENT CODE §22.225; and

h. Texas law and the Texas punitive damage scheme provides no limit on the number of times Defendants could be held accountable for punitive or exemplary damages based on the same conduct alleged in this case.

Plaintiff's claims for punitive or exemplary damages are subject to the limitations and standards set out in *Gore*, 517 U.S. 559, and *Campbell*, 538 U.S. 408, and their progeny.

### IV. Paid and Incurred Healthcare Expenses

The Plaintiff's "right" to recover healthcare or medical expenses is limited by the provisions of TEXAS CIVIL PRACTICE AND REMEDIES CODE §41.0105. Thus, recovery of healthcare or medical expenses incurred by Plaintiff is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

### V. Loss of Earning Capacity Reduction for Taxes

Plaintiff is required to prove loss of earnings or loss of earning capacity in the form which represents net loss after reduction for income tax payments or unpaid tax liability on said loss of earnings claim pursuant to any federal income tax law. TEXAS CIVIL PRACTICE AND REMEDIES CODE §18.091. Additionally, Defendants request the Court to instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff, if any, is subject to federal and state income taxes.

### VI. Mitigation of Damages

Plaintiff has failed to mitigate damages. Defendants would show that they are not liable for any condition resulting from the failure, if any, of Plaintiff, to act as a person or persons of ordinary prudence would have acted under the same or similar circumstances in caring for and treating Plaintiff's injuries, if any, that resulted from the occurrence in question. If Plaintiff failed to submit the healthcare expenses he claims are reasonably related to the subject occurrence to a healthcare insurance company, he failed to mitigate damages by enjoying contractual insurance company reductions available. If Plaintiff does not have healthcare insurance, he failed to mitigate damages by failing to enroll for healthcare insurance under the Patient Protection and Affordable Care Act (PPACA), or its successor act, as required by that act.

### VII. Jury Demand

Defendants demand a trial by jury.

### VIII. Request for Disclosure

Defendants hereby request Plaintiff to disclose within 30 days of service of this request the information and materials described in TEXAS RULE OF CIVIL PROCEDURE 194.2 (a–m).

### IX. Rule 193.7 Notice

Defendants give notice of the intent to use all documents produced in discovery against any party producing said documents and any deposition transcripts and videos in any pretrial proceeding or at the time of trial TEXAS RULE OF CIVIL PROCEDURE 193.7. Under Rule 193.7, unless the producing party objects to the authenticity of all or part of any of the documents, and states the specific basis for each objection, the documents shall be deemed to be authenticated.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon final hearing, judgment be entered that Plaintiff takes nothing and it be awarded costs of Court. Defendants request any and all such further relief to which they may be shown justly entitled to receive.

Respectfully submitted,

**DAVID KLOSTERBOER & ASSOCIATES**
9601 McAllister Freeway, Suite 910
San Antonio, Texas 78216
Telephone: (210) 525-2100
Facsimile: (855) 848-0737
Email: CRhodes2@Travelers.com

BY: _____
CHRISTOPHER L. RHODES
State Bar No. 16812750

**ATTORNEY FOR DEFENDANTS
ERIC PEREZ AND
READY CABLE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendants Blake Wilson and Ready Cable, Inc.'s Original Answer and Request for Disclosure has been served in accordance with the Texas Rules of Civil Procedure upon the counsel of record on the 29th day of June, 2017, addressed as follows:

Charles M. Thomas                **Via Electronic Service**
Huber, Slack, Thomas & Marcelle, L.L.P.
1100 Poydras St., Suite 2200
New Orleans, Louisiana 70163

_____
Christopher L. Rhodes